# ORIGINAL

## In the United States Court of Federal Claims

No. 14-165C
(Filed: August 21, 2014)

FILED

AUG 21 2014

U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

LANKWARD L. SMITH, JR.

     *Plaintiff,*

v.

THE UNITED STATES,

     *Defendant.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ORDER

In his complaint, Mr. Smith alleges that he timely filed the necessary paperwork to add his wife to his retirement annuity, but the Office of Personnel Management ("OPM") claims that it never received the original paperwork. If plaintiff were to add his wife to the annuity at this late date, it would cost him approximately $33,733. Plaintiff asks this court to order OPM to bear the cost of adding Mrs. Smith to the annuity. We grant plaintiff's motion to proceed in *forma pauperis*.

Before the court is defendant's motion to dismiss plaintiff's complaint pursuant to rule 12(b)(1) of the Rules of the Court of Federal Claims. For the reasons explained below, we grant defendant's motion.

Even presuming that all of plaintiff's alleged facts are true and construing all reasonable inferences in his favor, *Doe v. United States*, 106 Fed. Cl. 118, 122 (2012) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)), this court does not have jurisdiction to entertain plaintiff's claim. *Agee v. United States*, 77 Fed. Cl. 84, 92 (2007) (The Court of Federal Claims "is barred from adjudicating . . . [civilian] retirement related claims."). "[C]laims for retirement annuities and benefits must be pursued as set forth in the" Civil Service Retirement System ("CSRS"). *Ashgar v. United States*, 23 Cl. Ct. 226,

232 (1991). The Court of Federal Claims is not included in this statutory scheme for administering retirement benefits for former civil servants. Under the CSRS, 5 U.S.C. §§ 8301-8351 (2012), plaintiff's remedy lies with the Office of Personnel Management, the Merit Systems Protection Board ("MSPB"), and ultimately with the Court of Appeals for the Federal Circuit. *Ashgar*, 23 Cl. Ct. at 232-33.

Therefore, we grant defendant's motion to dismiss. The Clerk is directed to enter judgment. No costs.

ERIC G. BRUGGINK
Judge